NOTICE
Decision filed 07/05/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-05-0374

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

KENNETH KRONEMEYER and DARRYL L. ) Appeal from the
JOHNSON, Individually and as the ) Circuit Court of
Representatives of a Class of Similarly ) Madison County.
Situated Persons, )
)
   Plaintiffs-Appellees, )
)
v. ) No. 04-L-229
)
U.S. BANK NATIONAL ASSOCIATION, ) Honorable
) Nicholas G. Byron,
   Defendant-Appellant. ) Judge, presiding.
_____

     PRESIDING JUSTICE SPOMER delivered the opinion of the court:

     We granted the petition of the defendant for leave to appeal the denial of its motion to dismiss count I of the plaintiffs' third amended complaint, based on the following questions certified by the circuit court of Madison County pursuant to Illinois Supreme Court Rule 308 (155 Ill. 2d R. 308): (1) whether the plaintiffs' claims are preempted under the National Bank Act (12 U.S.C. §93a (2000)) and the regulations and regulatory interpretations issued thereunder by the Office of the Comptroller of the Currency (OCC) and (2) whether the circuit court has jurisdiction to review whether the OCC correctly interpreted its own regulation or whether that review lies within the exclusive jurisdiction of the federal courts pursuant to the Administrative Procedure Act (5 U.S.C. §701 *et seq.* (2000)).

     For the reasons set forth below, we decline to reach the issue certified on appeal with regard to the plaintiffs' claim for wrongful dishonor under section 4-402 of the Uniform Commercial Code (810 ILCS 5/4-402 (West 2004)) because the plaintiffs lack standing to

1

bring that claim. As to the plaintiffs' remaining claims, we answer the preemption question in the affirmative and therefore decline to rule on the jurisdictional question. Accordingly, we reverse the order of the circuit court that denied the defendant's motion to dismiss.

The facts necessary for our disposition of this appeal are as follows. On December 10, 2004, the plaintiffs, Kenneth Kronemeyer and Darryl Johnson, filed a first amended class action complaint in the circuit court of Madison County, alleging that the defendant, U.S. Bank National Association (U.S. Bank), regularly charges a fee of $10 to persons who do not have accounts at U.S. Bank and who present for payment checks drawn by its depositors. The complaint further alleges that on several occasions the plaintiffs presented checks for payment at U.S. Bank offices in Madison and St. Clair Counties, that the checks were drawn on U.S. Bank checking accounts, and that the plaintiffs were named payees. Upon presentment, the plaintiffs were charged the $10 fee. The complaint seeks to establish a nationwide class of individuals who paid U.S. Bank a fee when presenting for payment a check drawn on a U.S. Bank account. Count I of the plaintiffs' complaint purports to state a cause of action for wrongful dishonor pursuant to section 4-402 of the Uniform Commercial Code (810 ILCS 5/4-402 (West 2004)). Count II alleges a violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2004)). Count III sets forth a common law cause of action under a theory of unjust enrichment.

On January 24, 2005, U.S. Bank filed a motion to dismiss pursuant to section 2-619 or, in the alternative, pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619, 2-615 (West 2004)). In its motion to dismiss, U.S. Bank argued, *inter alia*, that the plaintiffs did not have standing to assert a cause of action for wrongful dishonor under section 4-402 of the Uniform Commercial Code (810 ILCS 5/4-402 (West 2004)). In addition, U.S. Bank argued that all the plaintiffs' claims are preempted by the National Bank Act (12 U.S.C. §93a (2000)) and the regulations and regulatory interpretations issued

2

thereunder by the OCC.  Finally, U.S. Bank argued that to the extent that the plaintiffs were challenging the regulatory interpretation of the OCC, exclusive jurisdiction lies with the federal courts pursuant to the Administrative Procedure Act (5 U.S.C. §701 *et seq.* (2000)).

After full briefing by the parties, a hearing was held on May 13, 2005, on U.S. Bank's motion to dismiss.  At that time, the circuit court entered an order denying U.S. Bank's motion to dismiss.  On June 8, 2005, U.S. Bank filed an unopposed motion to certify the preemption and jurisdiction issues for interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (155 Ill. 2d R. 308), and an order was entered granting the motion and certifying the issues.  Thereafter, we granted the petition of the defendant for leave to appeal.        We begin our analysis of the certified questions at issue with a discussion of the applicable standard of review.  This court's examination of an interlocutory appeal is usually limited to the questions certified by the trial court and, as with all questions of law, is a *de novo* review.  *Thompson v. Gordon*, 356 Ill. App. 3d 447, 451 (2005), *aff'd*, No. 100600 (June 2, 2006).  Thus, in most circumstances, our task is to answer the certified question rather than to rule on the propriety of the underlying order.  *Thompson*, 356 Ill. App. 3d at 451.  In the interests of judicial economy and reaching an equitable result, however, we may go beyond the certified question and consider the appropriateness of the order giving rise to the appeal.  *Thompson*, 356 Ill. App. 3d at 451.  We find this to be such a case.

Count I of the plaintiffs' complaint alleges a cause of action for wrongful dishonor under section 4-402 of the Uniform Commercial Code (810 ILCS 5/4-402 (West 2004)).  Section 4-402(b) of the Uniform Commercial Code provides, "A payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item."  810 ILCS 5/4-402(b) (West 2004).  The Uniform Commercial Code defines the word "customer" as "a person having an account with a bank or for whom a bank has agreed to collect items, including a bank that maintains an account at another bank."  810 ILCS 5/4-104(a)(5) (West

2004). Section 4-402(b) confers no cause of action on the holder of an allegedly dishonored item. Accordingly, the plaintiffs have no standing to pursue a cause of action against U.S. Bank for a wrongful dishonor. Because the plaintiffs lack standing, there is no reason to determine whether the plaintiffs' claim for wrongful dishonor is preempted by federal law.

We now turn to the issue of whether the plaintiffs' remaining claims against U.S. Bank are preempted by the National Bank Act (12 U.S.C. §93a (2000)) and the regulations and regulatory interpretations issued thereunder by the OCC. The United States Supreme Court has held that where state law interferes with a power which national banks are authorized to exercise, the state law irreconcilably conflicts with the federal law and is preempted by operation of the supremacy clause (U.S. Const., art. VI, cl. 2). *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 31, 134 L. Ed. 2d 237, 244, 116 S. Ct. 1103, 1108 (1996). Therefore, in the case at bar, to determine whether the plaintiffs' claims stand in conflict with federal law, we must first determine whether federal law authorizes U.S. Bank to charge the fee that is the basis for the plaintiffs' claims.

The plaintiffs do not contest the fact that U.S. Bank is organized under the National Bank Act (12 U.S.C. §21 *et seq.* (2000)). The National Bank Act authorizes federally chartered banks to "exercise *** all such incidental powers *** to carry on the business of banking[,] by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt." 12 U.S.C. §24 (2000). The OCC is the agency empowered by the National Bank Act to supervise and regulate federally chartered banks in accordance with the broad substantive provisions of the National Bank Act. *Wells Fargo Bank of Texas NA v. James*, 321 F.3d 488, 490 (5th Cir. 2003). In the exercise of its authority, the OCC promulgated 12 C.F.R. §7.4002(a) (2000), which provides that a national bank may "charge its customers non-interest charges and fees." The OCC interprets the word "customer" in the regulation to include any person who presents a check for payment. OCC, Interpretive Letter

4

No. 932 (August 17, 2001); OCC, Interpretive Letter No. 933 (August 17, 2001); OCC, Interpretive Letter No. 934 (August 20, 2001). In August 2001, the OCC issued three nearly identical interpretive letters opining that national banks are authorized under 12 C.F.R. §7.4002(a) (2000) to charge a check-cashing fee to non-account holders. OCC, Interpretive Letter No. 932 (August 17, 2001); OCC, Interpretive Letter No. 933 (August 17, 2001); OCC, Interpretive Letter No. 934 (August 20, 2001). Furthermore, the OCC made clear that because the power to set fees is an inherent element of national banks' authority to conduct the business of banking, no prior approval from the OCC is required for a national bank to set or change a fee or service charge. OCC, Interpretive Letter No. 934 (August 20, 2001). U.S. Bank argues that given the OCC's construction of the word "customer," 12 C.F.R. §7.4002(a) (2000) authorizes U.S. Bank to charge the fee on which the plaintiffs' claims are based.

The plaintiffs challenge the preemptive effect of 12 C.F.R. §7.4002(a) (2000) on their state law claims. The plaintiffs assert that there is a presumption against the preemption of state laws in traditionally state-controlled areas such as the tort and consumer fraud claims asserted in their complaint. While it is true that there is typically a presumption against federal preemption in areas of regulation that are traditionally allocated to states and are of particularly local concern, the presumption against preemption disappears in fields of regulation that have been substantially occupied by federal authority for an extended period of time. *Wachovia Bank, N.A. v. Burke*, 414 F.3d 305, 314 (2d Cir. 2005). The regulation of federally chartered banks is one such area. *Wachovia Bank, N.A.*, 414 F.3d at 314. Accordingly, our preemption analysis must focus on the reasonableness of the OCC's exercise of regulatory authority, applying the framework of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 81 L. Ed. 2d 694, 104 S. Ct. 2778 (1984).

It is important to note that the fact that the OCC interpretation of the word "customer" appears in an interpretive letter, rather than in a formal rule or adjudication, does not bar the

5

application of *Chevron U.S.A., Inc.* See *United States v. Mead Corp.*, 533 U.S. 218, 230-31, 150 L. Ed. 292, 305-06, 121 S. Ct. 2164, 2172-73 (2001). As the United States Supreme Court reiterated in *NationsBank of North Carolina, N.A. v. Variable Annuity Life Insurance Co.*, 513 U.S. 251, 256-57, 130 L. Ed. 2d 740, 747, 115 S. Ct. 810, 813 (1995) (quoting *Clarke v. Securities Industry Ass'n*, 479 U.S. 388, 403-04, 93 L. Ed. 2d 757, 771-72, 107 S. Ct. 750, 759 (1987)):

> " 'It is settled that courts should give great weight to any reasonable construction of a regulatory statute adopted by the agency charged with the enforcement of that statute. The Comptroller of the Currency is charged with the enforcement of banking laws to an extent that warrants the invocation of this principle with respect to his deliberative conclusions as to the meaning of these laws.' "

This principle of deference to agency interpretation is even stronger when the agency is interpreting its own regulation. When an agency interprets its own regulation, the agency's interpretation is controlling unless " 'plainly erroneous or inconsistent with the regulation.' " *Auer v. Robbins*, 519 U.S. 452, 461, 137 L. Ed. 2d 79, 90, 117 S. Ct. 905, 911 (1997) (quoting *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359, 104 L. Ed. 2d 351, 376, 109 S. Ct. 1835, 1850 (1989)). Here, the OCC has adopted the position that 12 C.F.R. §7.4002(a) (2000) authorizes national banks to charge a check-cashing fee to non-account-holding payees. The regulation itself provides that national banks "may charge its customers non-interest charges and fees" for authorized services. There is no dispute that check-cashing is a service which national banks are authorized to provide. The ambiguity lies in whether non-account-holding payees are "customers" for the purpose of the regulation. The OCC interprets the word "customer" to include any person who presents a check for payment. The plaintiffs argue that the word "customer" should be defined as it is in the Uniform Commercial Code, that is, "a person having an account with a bank or for whom a

6

bank has agreed to collect items, including a bank that maintains an account at another bank." 810 ILCS 5/4-104(a)(5) (West 2004). These are both reasonable interpretations of the word "customer." Since the OCC interpretation is not a clearly erroneous interpretation, we must give it deference.

The OCC's interpretation that the word "customer" includes payees who present a check to a drawee bank for payment is controlling. Consequently, the national banks are authorized by federal regulation 12 C.F.R. §7.4002(a) (2000) to charge non-account-holding payees a check-cashing fee. Thus, because the plaintiffs' state law claims seek damages from U.S. Bank based on the exercise of a power that federal law expressly grants the national banks, the plaintiffs' claims are in irreconcilable conflict with the federal regulatory scheme, and they are preempted by operation of the supremacy clause (U.S. Const., art. VI, cl. 2). See *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 134 L. Ed. 2d 237, 116 S. Ct. 1103 (1996).

For the foregoing reasons, we hold that the plaintiffs do not have standing to bring a claim for wrongful dishonor under section 4-402 of the Uniform Commercial Code (810 ILCS 5/4-402 (West 2004)). We answer the first certified question in the affirmative regarding the plaintiffs' remaining claims, holding that the claims are preempted under the National Bank Act (12 U.S.C. §93a (2000)) and the regulations and regulatory interpretations of the OCC. We therefore decline to answer the second certified question on appeal. The order of the circuit court that denied U.S. Bank's motion to dismiss is reversed.

Certified questions answered in part; order reversed.

HOPKINS and DONOVAN, JJ., concur.

NO. 5-05-0374

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| KENNETH KRONEMEYER and DARRYL L. JOHNSON, Individually and as the Representatives of a Class of Similarly Situated Persons, | ) Appeal from the<br>) Circuit Court of<br>) Madison County.<br>) |
| Plaintiffs-Appellees, | )<br>) |
| v. | ) No. 04-L-229<br>) |
| U.S. BANK NATIONAL ASSOCIATION, | ) Honorable<br>) Nicholas G. Byron, |
| Defendant-Appellant. | ) Judge, presiding. |

_____

**Opinion Filed**:    July 5, 2006

_____

**Justices**:    Honorable Stephen L. Spomer, P.J.

Honorable Terrence J. Hopkins, J., and
Honorable James K. Donovan, J.,
Concur

_____

**Attorneys for Appellant**    Alphonse J. Pranaitis, Hoagland, Fitzgerald, Smith & Pranaitis, 401 Market Street, P.O. Box 130, Alton, IL 62002; Mark S. Mester, Kenneth G. Schuler, B. John Casey, Latham & Watkins, LLP, Sears Tower, Suite 5800, Chicago, IL 60606

_____

**Attorneys for Appellees**    Paul M. Weiss, Tod A. Lewis, Freed & Weiss, LLC, 111 W. Washington Street, Suite 1331, Chicago, IL 60602; Bradley M. Lakin, Gail G. Renshaw, Gary E. Peel, Paul A. Marks, The Lakin Law Firm, P.C., 300 Evans Avenue, P.O. Box 229, Wood River, IL 62095

_____

**Attorney for *Amicus***    J. Eric Rich, Office of the Comptroller of the Currency, 250 E Street, S.W., Washington, DC 20219 (no brief filed)

*Curiae*

_____

_____