Rule 23 order filed
April 18, 2008;
Motion to publish granted
June 5, 2008.

NO. 5-06-0646

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| DARRYL L. JOHNSON, Individually and on Behalf of Others Similarly Situated, | ) Appeal from the ) Circuit Court of ) Madison County. |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 04-L-230 |
| | ) |
| FIRST BANKS, INC., | ) Honorable ) Don W. Weber, |
| Defendant-Appellee. | ) Judge, presiding. |

_____

JUSTICE WEXSTTEN delivered the opinion of the court:

The plaintiff, Darryl L. Johnson, on behalf of himself and all others similarly situated, appeals an order of the Madison County circuit court dismissing his class action complaint against the defendant, First Banks, Inc., a state bank incorporated in Missouri. On appeal, the plaintiff argues that the circuit court erred in finding that he lacked standing to bring suit for wrongful dishonor pursuant to section 4-402 of the Uniform Commercial Code (Code) (810 ILCS 5/4-402 (West 2004)) and in finding that his state law causes of action were preempted by the National Bank Act (12 U.S.C. §21 *et seq.* (2000)). We affirm.

BACKGROUND

On January 31, 2005, the plaintiff filed a first amended class action complaint alleging that the defendant wrongfully charged a $5 fee to payees who did not have accounts with the defendant but who presented for payment checks drawn by the defendant's depositors. Count I of the complaint alleged wrongful dishonor pursuant to section 4-402 of the Code (810 ILCS 5/4-402 (West 2004)). Count II alleged a violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2004)). Count III set forth

1

a common law cause of action under a theory of unjust enrichment.

On March 14, 2005, the defendant filed a motion to dismiss pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2004)). In its motion to dismiss, the defendant argued, *inter alia*, that the plaintiff did not have standing to assert a cause of action for wrongful dishonor under section 4-402 of the Code (810 ILCS 5/4-402 (West 2004)) and that the plaintiff's claims were preempted by the National Bank Act (12 U.S.C. §21 *et seq.* (2000)) and the regulations and regulatory interpretations issued thereunder by the Office of the Comptroller of the Currency (OCC).

On November 14, 2006, the circuit court dismissed the plaintiff's complaint. On December 6, 2006, the plaintiff filed a timely notice of appeal.

ANALYSIS

The plaintiff argues that the circuit court erred in dismissing his wrongful-dishonor action on the basis that he did not have an account with the defendant.

Section 4-402(b) of the Code provides, "A payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item." 810 ILCS 5/4-402(b) (West 2004). The Code defines the word "customer" as "a person having an account with a bank or for whom a bank has agreed to collect items, including a bank that maintains an account at another bank." 810 ILCS 5/4-104(a)(5) (West 2004). Accordingly, pursuant to the plain language of the Code, the plaintiff, who does not have an account with the defendant, is not a "customer" and therefore lacks standing to pursue a cause of action against the defendant for a wrongful dishonor. 810 ILCS 5/4-104(a)(5), 4-402(b) (West 2004).

We reached the same conclusion in *Kronemeyer v. U.S. Bank National Ass'n*, 368 Ill. App. 3d 224, 227 (2006). The plaintiff argues, however, that *Kronemeyer* is not dispositive because this court in *Kronemeyer* did not discuss the plaintiffs' status as third-party

2

beneficiaries. To support this argument, the plaintiff cites *Your Style Publications, Inc. v. Mid Town Bank & Trust Co. of Chicago*, 150 Ill. App. 3d 421, 430 (1986), which, the plaintiff argues, permits him, as the payee of the check, to bring an action for wrongful dishonor.

In *Your Style Publications, Inc.*, payees presented checks for payment to banks on which they were drawn, and the banks refused to cash the checks without the payment of a noncustomer service fee. *Your Style Publications, Inc.*, 150 Ill. App. 3d at 424. The plaintiffs filed suit alleging wrongful dishonor, breach of contract, misrepresentation, and breach of contract as to third-party beneficiaries. *Your Style Publications, Inc.*, 150 Ill. App. 3d at 424.

Initially, we note that Your Style Publications, Inc., was a plaintiff and the *payor* of the check, and the court held that the bank's failure to pay out the funds according to a *payor's* order constituted a breach of the creditor-debtor relationship and a dishonor of the presented check. *Your Style Publications, Inc.*, 150 Ill. App. 3d at 426. In reaching its determination that the payees' action for wrongful dishonor was also sufficient, the First District Appellate Court did not interpret section 4-402 of the Code, the basis for the plaintiff's claim here, and defined "bank customer" as "a payee to whom the bank customer issued a check," a definition contrary to the plain language of the Code. *Your Style Publications, Inc.*, 150 Ill. App. 3d at 427; Ill. Rev. Stat. 1983, ch. 26, par. 4-104(e) (eff. July 1, 1962) (" '[c]ustomer' means any person having an account with a bank or for whom a bank has agreed to collect items and includes a bank carrying an account with another bank"); see also 810 ILCS 5/4-104(a)(5) (West 2004) (" '[c]ustomer' means a person having an account with a bank or for whom a bank has agreed to collect items, including a bank that maintains an account at another bank"). Additionally, the court's discussion of the payees' standing as third-party beneficiaries was premised on the plaintiffs' action for breach of contract (*Your*

3

*Style Publications, Inc.*, 150 Ill. App. 3d at 430), a cause not alleged here. We therefore decline to follow the holding in *Your Style Publications, Inc.*

The plaintiff also argues that the circuit court erred in finding that his state law causes of action were preempted by the National Bank Act (12 U.S.C. §21 *et seq.* (2000)). The defendant argues that the OCC's specific regulations, codified as 12 C.F.R. §7.4002 (2000), as well as interpretive guidance under those regulations, expressly authorize a national bank to impose check-cashing fees on customers and that, therefore, the National Bank Act preempts the plaintiff's state law causes of action.

We also previously addressed this argument in *Kronemeyer* and determined that the plaintiffs' state law claims were in conflict with and preempted by the National Bank Act and the regulations and regulatory interpretations issued thereunder by the OCC. The plaintiff argues that *Kronemeyer* is distinguishable because in that case we failed to consider and analyze the deference to which the OCC's opinion letters were entitled. The plaintiff argues that the limited deference owed to the OCC opinion letters is overcome because the OCC's interpretation is unreasonable and against the plain language of the regulation and statutory law. The plaintiff argues that, despite the OCC's interpretation to the contrary, a payee is not a "customer" who obtains "services" from the bank because the bank has already promised to pay according to the payor's order.

"[A]n agency's interpretation may merit some deference whatever its form, given the 'specialized experience and broader investigations and information' available to the agency [citation] and given the value of uniformity in its administrative and judicial understandings of what a national law requires [citation]." *United States v. Mead Corp.*, 533 U.S. 218, 234, 150 L. Ed. 2d 292, 308, 121 S. Ct. 2164, 2175 (2001) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 139-40, 89 L. Ed. 124, 129, 65 S. Ct. 161, 164 (1944)). The United States Supreme Court has held that when the language of a regulation is ambiguous, the agency's

4

interpretation of its own regulation is controlling unless it is " ' "plainly erroneous or inconsistent with the regulation." ' " *Auer v. Robbins*, 519 U.S. 452, 461, 137 L. Ed. 2d 79, 90, 117 S. Ct. 905, 911 (1997) (quoting *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359, 104 L. Ed. 2d 351, 376, 109 S. Ct. 1835, 1850 (1989) (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 89 L. Ed. 1700, 1702, 65 S. Ct. 1215, 1217 (1945))); *Christensen v. Harris County*, 529 U.S. 576, 588, 146 L. Ed. 2d 621, 632, 120 S. Ct. 1655, 1663 (2000).

The National Bank Act provides that national banks have the power to "exercise *** all such incidental powers as shall be necessary to carry on the business of banking." 12 U.S.C. §24 (Seventh) (2000). Pursuant to the National Bank Act, "the Comptroller of the Currency is authorized to prescribe rules and regulations to carry out the responsibilities of the office." 12 U.S.C. §93a (2000). In the exercise of this authority, the OCC promulgated the regulation enumerated in 12 C.F.R. §7.4002(a) (2000), which provides that a national bank may "charge its customers non-interest charges and fees, including deposit account service charges." See *Kronemeyer*, 368 Ill. App. 3d at 228. In opinion letters, the OCC interpreted the word "customer" in the regulation to include any person who presents a check for payment. OCC, Interpretive Letter No. 932 (August 17, 2001); OCC, Interpretive Letter No. 933 (August 17, 2001); OCC, Interpretive Letter No. 934 (August 20, 2001). The OCC also opined that national banks are authorized under 12 C.F.R. §7.4002(a) (2000) to charge a check-cashing fee to non-account holders. OCC, Interpretive Letter No. 932 (August 17, 2001); OCC, Interpretive Letter No. 933 (August 17, 2001); OCC, Interpretive Letter No. 934 (August 20, 2001).

This court in *Kronemeyer* recognized an ambiguity regarding whether non-account-holding payees are "customers" for the purpose of the regulation, 12 C.F.R. §7.4002(a) (2000). This court determined that the OCC's interpretation of "customer" as any person who

5

obtains a product or service from the bank, including a non-account holder who presents a check for payment, was not plainly erroneous or inconsistent with the regulation. *Kronemeyer*, 368 Ill. App. 3d at 228-29; OCC, Interpretive Letter No. 932 (August 17, 2001); OCC, Interpretive Letter No. 933 (August 17, 2001); OCC, Interpretive Letter No. 934 (August 20, 2001); *Auer*, 519 U.S. at 461, 137 L. Ed. 2d at 90, 117 S. Ct. at 911. Accordingly, the court in *Kronemeyer* held that national banks are authorized by federal regulation, 12 C.F.R. §7.4002(a) (2000), to charge a non-account-holder payee a check-cashing fee. *Kronemeyer*, 368 Ill. App. 3d at 229; OCC, Interpretive Letter No. 932 (August 17, 2001); OCC, Interpretive Letter No. 933 (August 17, 2001); OCC, Interpretive Letter No. 934 (August 20, 2001).

We reaffirm the holding in *Kronemeyer*. We cannot say that the OCC's interpretation is plainly erroneous or inconsistent with the regulation, and we therefore find it controlling. See *Kronemeyer*, 368 Ill. App. 3d at 229; *Auer*, 519 U.S. at 461, 137 L. Ed. 2d at 90, 117 S. Ct. at 911. Accordingly, because federal law expressly authorizes banks to charge non-account-holding payees a check-cashing fee, any claim under a state statutory provision that would prohibit such a fee from being charged or otherwise invalidate the procedure by which such a fee is charged irreconcilably conflicts with the federal regulatory scheme and is preempted by operation of the supremacy clause (U.S. Const., art. VI, cl. 2). *Kronemeyer*, 368 Ill. App. 3d at 229.

The plaintiff argues, without citation to authority, that this court's decision in *Kronemeyer* is distinguishable from the present case because the defendant bank in *Kronemeyer* was a national bank and the defendant *sub judice* is a state-chartered bank. The defendant argues that federal and state parity laws place state banking institutions, like the defendant here, on equal grounds as national banks. We agree with the defendant.

The Riegle-Neal Amendments Act of 1997 (Pub. L. No. 105-24), which amended

6

subsection 24(j) of the Federal Deposit Insurance Act (12 U.S.C. §1831a(j) (1994 & Supp. III 1998)), provides in part as follows:

"(1) Application of host state law.–The laws of a host State, including laws regarding community reinvestment, consumer protection, fair lending, and establishment of intrastate branches, shall apply to any branch in the host State of an out-of-State State bank to the same extent as such State laws apply to a branch in the host State of an out-of-State national bank. To the extent host State law is inapplicable to a branch of an out-of-State State bank in such host State pursuant to the preceding sentence, home State law shall apply to such branch."

See *Wells Fargo Bank of Texas NA v. James*, 321 F.3d 488, 490 n.1 (5th Cir. 2003) (state-chartered banks enjoy the same preemption rights as national banks pursuant to 12 U.S.C. §1831a(j)(1) and Texas Constitution art. 16, §16(c)).

Section 5 of the Illinois Banking Act provides, in pertinent part, as follows:

"A bank organized under this Act or subject hereto shall *** have all the powers conferred by this Act and the following additional general corporate powers:

\* \* \*

(11) Notwithstanding any other provisions of this Act or any other law, to do any act and to own, possess, and carry as assets property of the character, including stock, that is at the time authorized or permitted to national banks by an Act of Congress, but subject always to the same limitations and restrictions as are applicable to national banks by the pertinent federal law ***." 205 ILCS 5/5(11) (West 2004).

Accordingly, we agree with the defendant that an out-of-state, state bank, such as the defendant, has the same power and authority as a national bank to charge non-account holders a check-cashing fee and is subject to the same treatment with respect to the fee.

The plaintiff argues that because 12 C.F.R. §7.4002(b) (2000) enumerates factors that

7

a national bank is to consider to establish noninterest charges and fees, the preemptive effective of section 7.4002 depends on a factual finding that the bank has properly considered those factors, and therefore, the plaintiff argues that determining preemption at this stage of the litigation is premature.

We reject the plaintiff's argument. Through the federal regulations, the OCC authorized the banks to exercise a power, and a state may not infringe on that authorization. The OCC itself has stated as follows:

> "We note that the authority of the Bank and other national banks to charge particular fees is not conditioned on obtaining an individual confirming opinion, since national banks are authorized to charge non-interest fees and charges as an inherent element of their authority to conduct the business of banking." OCC, Interpretive Letter No. 932 n.2 (August 17, 2001).

See also OCC, Interpretive Letter No. 933 n.1 (August 17, 2001); OCC, Interpretive Letter No. 934 n.1 (August 20, 2001).

In conclusion, we hold that the plaintiff does not have standing to bring a claim for wrongful dishonor under section 4-402 of the Code (810 ILCS 5/4-402 (West 2004)) and that the plaintiff's remaining claims are preempted under the National Bank Act (12 U.S.C. §21 *et seq.* (2000)) and the regulations and regulatory interpretations of the OCC.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Madison County.


Affirmed.


DONOVAN and SPOMER, JJ., concur.

NO. 5-06-0646

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| DARRYL L. JOHNSON, Individually and on Behalf of Others Similarly Situated, | ) Appeal from the<br>) Circuit Court of<br>) Madison County. |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 04-L-230 |
| | ) |
| FIRST BANKS, INC., | ) Honorable<br>) Don W. Weber, |
| Defendant-Appellee. | ) Judge, presiding. |

**Rule 23 Order Filed:** April 18, 2008
**Motion to Publish Granted:** June 5, 2008
**Opinion Filed**: June 5, 2008

| | |
|---|---|
| **Justices**: | Honorable James M. Wexstten, J. |
| | Honorable James K. Donovan, J., and<br>Honorable Stephen L. Spomer, J.,<br>Concur |

| | |
|---|---|
| **Attorneys for Appellant** | Paul M. Weiss, Freed & Weiss, L.L.C., 111 West Washington Street, Suite 1331, Chicago, IL 60602; Gail G. Renshaw, Bradley M. Lakin, Paul A. Marks, The Lakin Law Firm, P.C., 300 Evans Avenue, P.O. Box 229, Wood River, IL 62095-1127 |

| | |
|---|---|
| **Attorneys for Appellee** | Troy A. Bozarth, Dougglas A. Stultz, Hepler, Broom, MacDonald, Hebrank, True & Noce, LLC, Two Mark Twain Plaza, Suite 300, 103 West Vandalia Street, P.O. Box 510, Edwardsville, IL 62025-0510 |