BOARD OF MANAGERS OF WESPARK CONDOMINIUM ASSOCIATION, Plaintiff, v. NEUMANN HOMES, INC., d/b/a Neumann Homes, Defendant and Third-Party Plaintiff-Appellee (Royal Builders, Inc., Third-Party Defendant; TBS Construction, Inc., d/b/a TBS Concrete, Inc., Third-Party Defendant-Appellant).

First District (4th Division)   No. 1—07—1307

Opinion filed January 29, 2009.

Esp, Kreuzer, Cores & McLaughlin, of Wheaton (Adam S. Kreuzer and Jeffrey S. Barger, of counsel), for appellant.

Peregrine, Stime, Newman, Ritzman & Bruckner, Ltd., of Wheaton (Thomas M. Newman and Elizabeth P. Schaffer, of counsel), for appellee.

JUSTICE STEELE delivered the opinion of the court:

Construction problems led the plaintiff condominium owners, Board of Managers of Wespark Condominium Association (Wespark), to sue the defendant builders, Neumann Homes, Inc. (Neumann), and the builders in turn filed a third-party complaint against TBS

Construction, Inc. (TBS), the third-party defendant subcontractor. The trial court found the third-party complaint timely under section 13—204 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/13—204 (West 2006)). The court later granted the subcontractor's request for certification of two questions concerning the interpretation of section 13—204.

We find the third-party complaint untimely, under the terms of the limitations provisions in section 13—204(c) of the Code, because when the owners sued the builders, the time had expired for Wespark to timely file a complaint against the subcontractor. We remand with directions to dismiss the third-party complaint against the subcontractor.

## BACKGROUND

Neumann began building the Wespark Condominium complex in 1998. TBS Construction worked on the concrete for the project. An explosion in the condominium during construction led to an investigation. The investigating engineers reported to the condominium association, in a letter dated June 4, 1999, that "residential buildings in this development may not be capable of resisting anticipated wind suction loadings from high winds on exterior walls and roofs." The engineers specified several defects that contributed to the problem. The association forwarded the engineers' report to Neumann on June 18, 1999. Neumann attempted to repair the problems.

On June 28, 2002, Wespark and Neumann signed a "Standstill Agreement." Wespark agreed to refrain from suing Neumann for one year, and Neumann agreed to the tolling of the statute of limitations for one year, while the parties tried to settle their differences. TBS did not take part in the standstill agreement.

Neumann sued TBS for breach of contract. On April 8, 2004, Neumann voluntarily dismissed the lawsuit. The trial court noted in its order that the dismissal had no prejudicial effect.

On June 1, 2004, Wespark sued Neumann for breach of contract based on the defects the engineers first highlighted in their June 1999 letter. Neumann filed a third-party complaint against TBS on March 6, 2006. Neumann sought contribution or indemnity for amounts Neumann needed to pay for concrete repair. TBS moved to dismiss the third-party complaint as untimely. See 735 ILCS 5/13—214 (West 2006).

The trial court found the complaint timely under the statute of limitations specifically applicable to third-party actions for contribution or indemnity. See 735 ILCS 5/13—204 (West 2006). The court later granted TBS's motion to certify for immediate appeal the following two questions:

"I. If a party-plaintiff is barred from asserting a direct cause of action against another party because it failed to re-file within one (1) year of taking a voluntary non-suit, is it also barred from filing a contribution/indemnity claim under 735 ILCS 5/13—204 against that same party after the former party plaintiff has been named in a subsequent lawsuit?

II. Whether under Illinois law a plaintiff and a defendant may through a 'standstill agreement' waive or modify the applicable statute of limitations and thereby suspend the timeframe, pursuant to 735 ILCS 5/13—204, for the defendant to file a third party contribution/indemnity claim against non-parties to the agreement?"

We granted TBS leave to appeal pursuant to Supreme Court Rule 308. 155 Ill. 2d R. 308.

## DISCUSSION

When we grant a party leave to appeal under Rule 308, we usually limit our review to the questions the trial court certified. *Kronemeyer v. U.S. Bank National Ass'n*, 368 Ill. App. 3d 224, 226 (2006). "In the interests of judicial economy and reaching an equitable result, however, we may go beyond the certified question[s] and consider the appropriateness of the order giving rise to the appeal." *Kronemeyer*, 368 Ill. App. 3d at 227; see *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 153 (2007). We find that the interests of judicial economy favor review of the order denying TBS's motion to dismiss.

The case turns on the interpretation of statutes of limitation. We review *de novo* issues of statutory interpretation. *Krautsack v. Anderson*, 223 Ill. 2d 541, 553 (2006).

Plaintiffs must file most complaints for construction defects within four years of discovery of the defect. 735 ILCS 5/13—214(a) (West 1998). The parties agree that Wespark and Neumann learned of the construction defects by June 18, 1999. Therefore, they needed to sue TBS by June 18, 2003, to meet the limitations period for suing TBS directly. The parties also agree that Neumann filed its initial complaint against TBS within the applicable period, before voluntarily dismissing the complaint on April 8, 2004.

The legislature created a special extension of the limitations period for voluntarily dismissed actions. The applicable version of the statute provides:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, *** the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after

the action is voluntarily dismissed." 735 ILCS 5/13—217 (West 1994).

See *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 n.1 (2008) (1994 version of statute remains in effect due to unconstitutionality of subsequent amendment).

Neumann did not refile the action within one year of the voluntary dismissal. Likewise, Neumann failed to refile its claim within the four-year period permitted under section 13—214. Neumann rests its argument for timeliness on section 13—204, which provides:

"(b) In instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action *** .

(c) The applicable limitations period contained in subsection *** (b) shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose, but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action." 735 ILCS 5/13—204 (West 2006).

Wespark sued Neumann on June 1, 2004, almost five years after Wespark received the engineers' report regarding construction defects. Only the standstill agreement made the complaint timely. Neumann filed its complaint for contribution or indemnity less than two years after Wespark sued Neumann. Thus, the third-party complaint came within the two-year period established in section 13—204(b).

However, section 13—204(c) limits the application of that two-year period, giving it effect only "to the extent that the claimant in [the] underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action." 735 ILCS 5/13—204(c) (West 2006). Wespark, the claimant in the underlying action here, filed the underlying action against Neumann in June 2004. As of that time, the four-year period for a direct action against TBS had expired. Wespark had no standstill agreement with TBS, and section 13—217 gave Wespark no rights because Wespark had not filed any action against TBS. If Wespark had sued TBS directly in June 2004, the limitations provision in section 13—214 would have required the court to dismiss the suit as untimely. That is, Wespark could not have timely sued TBS, the party from whom Neumann sought contribution or indemnity, at the time Wespark filed the underlying action.

In answering the first certified question, we state that a failure to

comply with section 13—217 is not fatal, because section 13—204 provides another opportunity to file an action. However, in order to do so, the party seeking to proceed with a claim under section 13—204 must comply with the limitations periods under both sections 13—204(b) and 13—204(c). Under the facts in this case, the third-party complaint did not meet the additional limitation of section 13—204(c) that the claimant in the underlying action must have been able to timely sue the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action. Thus, Neumann is barred from suing TBS for contribution or indemnity, because Neumann does not satisfy both limitations of section 13—204, not because it did not comply with the one-year filing requirement of section 13—217.

Section 13—204(c) answers the second certified question. The standstill agreement might make the complaint timely against the parties to the agreement, but it cannot affect the constraints of subsection (c). The defendant cannot file a timely action for contribution or indemnity under section 13—204 unless the plaintiff in the underlying action could have, at the time it sued the defendant, filed a timely action against the parties from whom the defendant seeks contribution or indemnity. We answer the second certified question in the negative: the standstill agreement in which TBS did not participate cannot affect its rights as protected by section 13—204(c).

Accordingly, we reverse the order denying TBS's motion to dismiss and we remand the case with directions for the court to dismiss as untimely Neumann's third-party complaint against TBS.

Certified questions answered; order reversed and cause remanded with directions.

GALLAGHER and NEVILLE, JJ., concur.