No. 2-10-0531        Filed: 11-17-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BARBARA ROMMEL, Individually and as Special Administrator of the Estate of Timothy Rommel, Deceased, | ) ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Nos. 05--L--1301 |
| | ) | 06--L--163 |
| THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY and CARITINA MONCADA-JAIME, | ) ) ) | 07--L--527 09--L--508 |
| Defendants-Appellees | ) ) | |
| (James Neukirch, as Special Administrator of the Estate of Mark E. Neukirch, Deceased; Stephen Kugelman, as Special Administrator of the Estate of Matthew Kugelman, Deceased; Jeanine Dombrow, as Special Administrator of the Estate of Matthew Dombrow; Deceased; Maria Villalobos, as Special Administrator of the Estate of Leopold Villalobos, Jr., Deceased; Minar M. Dahleh, as Special Administrator of the Estate of Mohammed M. Dahleh, Deceased; Ruth Smith; Donald Smith, Individually and as Father and Next Friend of Hannah Smith, a Minor, Issac Smith, a Minor, and Zofia Smith, a Minor, Plaintiffs-Appellants). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Dorothy F. French, Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiffs, Barbara Rommel (individually and as special administrator of the estate of Timothy Rommel, deceased), James Neukirch (as special administrator of the estate of Mark Neukirch, deceased), Stephen Kugelman (as special administrator of the estate of Matthew Kugelman, deceased), Jeanine Dombrow (as special administrator of the estate of Matthew Dombrow, deceased), Maria Villalobos (as special administrator of the estate of Leopold Villalobos, Jr., deceased), Minar Dahleh (as special administrator of the estate of Mohammed Dahleh, deceased), Ruth Smith, and Donald Smith (individually and as father and next friend of Hannah, Issac, and Zofia Smith, all minors), all filed suit against defendant the Illinois State Toll Highway Authority (ISTHA) to recover for injuries sustained during traffic accidents on tollways that ISTHA maintained. (Barbara Rommel also brought suit against defendant Caritina Moncada-Jaime, who has filed no brief in this appeal.) Plaintiffs argued that ISTHA owed them a duty to use medians safer than the wide, pitched grassy areas that divided the stretch of highway on which the accidents occurred. During the course of the litigation, the circuit court certified the following two questions for our review pursuant to Supreme Court Rule 308 (Official Reports Advance Sheet No. 6 (March 24, 2010), R. 308, eff. February 26, 2010):

"[1.] Does [ISTHA] have a common law duty to its users to correct, repair and/or improve its tollway system to prevent against 'crossover' vehicle collisions when it was on notice that crossover vehicle collisions had occurred under the facts alleged by the Plaintiffs?

[2.] Does the Illinois Road and Bridges Tollway Highway Act impose upon [ISTHA] a statutory duty to its users to correct, maintain, repair or improve its tollway system as is alleged by the Plaintiffs to prevent against crossover vehicle collisions?"

We granted plaintiffs' petition for leave to appeal, and we now consider the two certified questions. For the reasons that follow, we answer both questions in the negative.

Rule 308 allows this court discretion to permit an interlocutory appeal where "the trial court *** finds that [the order that gives rise to the appeal] involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal *** may materially advance the *** litigation." Official Reports Advance Sheet No. 6 (March 24, 2010), R. 308, eff. February 26, 2010. The general rule is that our review in such an appeal is limited to consideration of the question certified. E.g., Miller v. American Infertility Group of Illinois, S.C., 386 Ill. App. 3d 141, 144 (2008). However, there is some authority to suggest that a reviewing court may venture beyond the certified question "[w]here necessary" (Johnson v. State Farm Mutual Automobile Insurance Co., 323 Ill. App. 3d 376, 379 (2001)) or " '[i]n the interests of judicial economy and reaching an equitable result' " (Board of Managers v. Neumann Homes, Inc., 388 Ill. App. 3d 129, 131 (2009), quoting Kronemeyer v. U.S. Bank National Ass'n, 368 Ill. App. 3d 224, 227 (2006)). This exception to the general rule appears to be based on Supreme Court Rule 366(a)(5), which empowers reviewing courts "[i]n all appeals *** in [their] discretion, and on such terms as [they deem] just" to "enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require." 155 Ill. 2d R. 366(a)(5); see Townsend v. Sears, Roebuck & Co., 227 Ill. 2d 147, 153 (2007), citing Bright v. Dicke, 166 Ill. 2d 204, 208 (1995), citing Boyd v. Travelers Insurance Co., 166 Ill. 2d 188, 193 (1995), citing 134 Ill. 2d R. 366(a)(5). Here, however, we see no reason to deviate from the questions certified, and we therefore limit our analysis accordingly. For that reason, we do not reach the parties' arguments--such as their

arguments regarding proximate causation under the facts of this case--that exceed the certified questions.

We begin with the first question, which asks whether ISTHA has a common-law duty to "correct, repair and/or improve its tollway system to prevent against 'crossover' vehicle collisions when it was on notice that crossover vehicle collisions had occurred under the facts alleged by the Plaintiffs." Normally, the question of whether to impose a duty invokes a legal question regarding "whether there is a relationship between the parties requiring that a legal obligation be imposed upon one for the benefit of the other." Washington v. City of Chicago, 188 Ill. 2d 235, 239 (1999). The relevant factors for a court addressing that legal question "include the reasonable foreseeability of injury, the likelihood of such injury, the magnitude of guarding against the injury, and the consequences of placing that burden on the defendant." Washington, 188 Ill. 2d at 239. Here, however, we need not undertake that analysis, because the supreme court has already resolved it.

In DiBenedetto v. Flora Township, 153 Ill. 2d 66 (1992), the supreme court considered a township's duty to a driver who died after his car veered out of his lane, crossed over the shoulder, and landed in a steeply pitched drainage ditch parallel to the road. DiBenedetto, 153 Ill. 2d at 68. The driver's estate argued that the township should be held liable for its failure to remedy the dangerous condition created by the ditch, but the supreme court affirmed the trial court's decision to dismiss the case on the ground that the township owed no duty to make the drainage ditch safe for motorists. In so doing, the supreme court reasoned as follows:

> "It is axiomatic that a driver who leaves the traveled way and continues with his automobile across country is bound to strike something sooner or later. *** Had the ditch not been there, the car would likely have struck something else ***. *** The proximate

cause of the accident in this case was not the ditch. The proximate cause of the accident was the loss of control of the vehicle and its being driven off the traveled way.

Drainage ditches along streets and highways are both commonplace and necessary. People are not expected to drive in them and the public cannot be an insurer of those who do. ***

*** [I]t is not incumbent upon a county to keep the full width of its roads open and fit for travel. If a road is open and improved for a sufficient width as to make it reasonably safe and convenient for ordinary travel there is no duty to keep the sides of the traveled way free from obstructions. As long as a sufficient portion of the right-of-way is maintained in a safe and passable condition to serve the reasonable needs of the public in that locality, the fact that outlying and unused portions of the road are impassable or dangerous does not constitute the sort of defect for which a local governmental unit is liable.

Neither a township nor a municipality is an insurer against all accidents occurring on the public way. Just as a municipality is only required to maintain its streets and sidewalks for their normal and intended uses, a township is only required to maintain the traveled way, shoulders, and drainage ditches according to their normal and intended uses. [Citation.]

Foreseeability is but one of the factors to be weighed in determining the existence of a duty. Even if an accident is foreseeable, the resulting burdens and consequences must also be considered before a legal duty will be recognized. While this accident was foreseeable to the extent that, in retrospect, all accidents are foreseeable, this is not sufficient to enlarge the township's duty. It is, of course, both foreseeable and commonplace that cars will occasionally run into ditches. The instant case, however, is not the type of accident one

would expect to occur under normal driving circumstances. [Citation.] The fact that it was a dark, wet, and foggy night is immaterial. Even in considering foreseeability, the relevant inquiry focuses on the likelihood that an injury will result from a particular set of circumstances. [Citation.] This case, however, turns not on the question of foreseeability but, rather, whether the drainage ditch posed an unreasonable hazard to the motoring public and whether the defendant thereby violated a duty it owed to the motoring public. We hold that it did not." DiBenedetto, 153 Ill. 2d at 70-72.

The supreme court's reasoning in DiBenedetto applies squarely here. Under DiBenedetto, regardless of whether a driver's veering from a public road is foreseeable, the entity maintaining that road has no duty beyond its duty to maintain the traveled way in a reasonably safe condition. Thus, a drainage ditch on the side of the road, or a wide, pitched grassy median of the type at issue here, need not be maintained as a safe way for driving.

Notwithstanding DiBenedetto, plaintiffs argue for a higher standard, because, according to them, ISTHA is actually a business and tollway users its business invitees. Thus, plaintiffs urge, ISTHA should be held not to the duty imposed on government overseers of public roads, but instead to the higher duty a business owner owes to its invitees, which duty requires the owner to maintain its property in a reasonably safe condition. See, e.g., Ward v. K mart Corp., 136 Ill. 2d 132, 141-42 (1990) (describing business owners' duty to invitees).

Plaintiffs' position assumes that ISTHA did not meet this standard. However, the analysis in DiBenedetto did not rest on the defendant's status as a government entity; it rested on the notion that an entity that maintains roads owes a duty only to keep those roads reasonably traversable, not to protect against harm to those who drive off the roadway. Regardless of ISTHA's status as a

governmental or proprietary concern, DiBenedetto forecloses plaintiffs' argument that ISTHA has a duty to make safe for travel the grassy medians outside the roadway. To the extent that plaintiffs cite out-of-state decisions that might support a contrary result, we respond that we are bound by our supreme court's decision on the matter. State Farm Mutual Automobile Insurance Co. v. Coe, 367 Ill. App. 3d 604, 613 (2006) ("the decisions of other state courts are not binding on Illinois courts and need not be followed where the Illinois Supreme Court has addressed the issue"). For these reasons, we answer the first certified question in the negative.

The second certified question asks whether ISTHA has a "statutory duty to its users to correct, maintain, repair or improve its tollway system as is alleged by the Plaintiffs to prevent against crossover vehicle collisions." This question calls upon us to interpret the Toll Highway Act (Act) (605 ILCS 10/1 et seq. (West 2008)). A court's fundamental goal in interpreting a statute is to give effect to the intent of the legislature, and the best indicator of that intent is the statute's language, given its plain and ordinary meaning. King v. First Capital Financial Services Corp., 215 Ill. 2d 1, 26 (2005). A statute may create a duty expressly, or it may do so impliedly where it is "designed to protect human life or property" (Kalata v. Anheuser-Busch Cos., 144 Ill. 2d 425, 434 (1991)). In the latter situation, the violation of the statute constitutes prima facie evidence of negligence. Kalata, 144 Ill. 2d at 434.

Plaintiffs assert that ISTHA's statutory duty arises from the following language of the Act: "Legislative declaration; [ISTHA] budget.

(a) It is hereby declared, as a matter of legislative determination, that it is in the best interest of the State of Illinois, the public, and the holders of [ISTHA] bonds that [ISTHA]

funds be expended only on goods and services that protect and enhance the efficiency, safety, and environmental quality of the toll highway system.

(b) [ISTHA] shall spend moneys *** only on the following:

(1) operations and maintenance expenditures that are reasonable and necessary to keep the toll highway system in a state of good repair in accordance with contemporary highway safety and maintenance standards;

* * *

(4) system improvement expenditures necessary and sufficient to improve and expand the toll highway system, subject to the requirements of this Act." 605 ILCS 10/23 (West 2008).

We see no reasonable way to interpret this statutory language as creating a duty to prevent crossover collisions. As ISTHA notes, this statute does not explicitly impose a duty upon it. Nor was the statute designed to protect human life or property. Rather, as ISTHA succinctly puts it in its brief, the above language comprises "a legislative mechanism to empower [ISTHA] to finance, construct and maintain a statewide network of highways." In other words, the clear, and only, import of the quoted language is that it authorizes ISTHA to undertake certain acts, not that it obligates it to undertake those acts or to do so in any specific manner. Accordingly, we reject plaintiffs' argument regarding ISTHA's statutory duty, and we answer the second certified question in the negative.

For the foregoing reasons, we answer both certified questions in the negative.

Certified questions answered.

JORGENSEN and HUDSON, JJ., concur.