JANNIE BROOKS, Mother and Best Friend of Rhonda Brooks, Plaintiff, v. ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a Canadian National/ Illinois Central Railroad Company, *et al.*, Defendants (Illinois Central Railroad Company, d/b/a Canadian National/Illinois Central Railroad Company Counterplaintiff-Appellant; Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra/Metropolitan Rail, Counterdefendant-Appellee).

First District (4th Division) No. 1—04—2607

Opinion filed June 2, 2005.—Rehearing denied July 26, 2005.

Freeborn & Peters, LLP, of Chicago (Richard T. Sikes, Jr., Anthony J. Carballo, and Marc H. Kallish, of counsel), for appellant.

Jay S. Judge, Michael E. Kujawa, and Thomas N. Osran, all of Judge, James & Kujawa, Ltd., of Park Ridge, and Sue-Ann Rosen and Richard Capra, both of Metra Law Department, of Chicago, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Counterplaintiff Canadian National/Illinois Central Railroad Company (Illinois Central) brings this interlocutory appeal seeking reversal of the circuit court's grant of counterdefendant Northeast Illinois Regional Commuter Railroad Corporation/Metra/Metropolitan Rail's (Metra) motion to dismiss Illinois Central's counterclaim for contribution. The circuit court certified the following issue on appeal: whether the one-year statute of limitations under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8—101 (West 2002)), or whether the two-year statute of limitations under the contribution provision of the Code of Civil Procedure (Contribution Act) (735 ILCS 5/13—204(a), (b) (West 2002)) applies to circumscribe a contribution action against a local public entity.

On October 4, 2002, Rhonda Brooks, minor daughter of plaintiff Jannie Brooks, walked through a dilapidated fence onto railroad tracks owned and operated by Illinois Central and Metra. Rhonda had her left leg amputated when a train operated by defendants approached and struck her. Plaintiff filed suit against Illinois Central and Metra sounding in negligence and premises liability, alleging that defendants owned and had failed to maintain the fence through which Rhonda gained access to the railroad tracks, and seeking damages for Rhonda's injuries.

During discovery, Illinois Central denied that it owned or was responsible for maintaining the fence intended to block access to the tracks. In January 2003, Metra admitted that it owned and was responsible for maintaining the fence in question. In December 2003, Illinois Central filed a counterclaim for contribution against Metra, alleging that Metra's negligence was the proximate cause of Rhonda's injuries and that Illinois Central was not liable in any way. Illinois Central additionally alleged that it if were to be found liable, it would be entitled to contribution from Metra in an amount equal to Metra's relative culpability.

Metra filed a motion to dismiss Illinois Central's complaint, arguing that Illinois Central had filed its claim beyond the one-year statute of limitations provided by the Tort Immunity Act (745 ILCS 10/8—101 (West 2002)). Metra alleged that, as a local entity, it was immune from Illinois Central's claim for contribution because Illinois Central failed to file its complaint within one year of the date that its claim had accrued, specifically October 2002, when plaintiff filed her complaint and it was served on Illinois Central. In its response, Illinois Central argued that Metra's motion to dismiss should be denied because the

Code of Civil Procedure allows a claimant two years from the time he or she was served with process in the underlying action or two years from the time he or she knew or reasonably should have known of the act or omission giving rise to a claim for contribution or indemnity, whichever occurs later. 735 ILCS 5/13—204(b) (West 2002). Illinois Central additionally argued that, even if the one-year limitation of the Tort Immunity Act applied, it would not be barred from bringing a claim for contribution because it did not become aware that it would have such a claim until Metra admitted to owning and having responsibility for the fence in January 2003.

The circuit court granted Metra's motion to dismiss Illinois Central's counterclaim for contribution and denied Illinois Central's subsequent motion to reconsider. Illinois Central thereafter filed a motion in this court to certify the statute of limitations issue for interlocutory appeal, pursuant to Illinois Supreme Court Rule 308 (155 Ill. 2d R. 308), and requesting reversal of the circuit court's order granting Metra's motion to dismiss. We granted leave to appeal and now answer the certified question as follows.

In this action for contribution, the statute of limitations provision of the Contribution Act (735 ILCS 5/13—204(a), (b) (West 2002)) applies, and the circuit court's order of dismissal was therefore in error.

■ Because this appeal concerns a question of law and presents a question of statutory interpretation, our review is de novo. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 266 (2003). On appeal, Illinois Central maintains that the provisions of the Contribution Act supercede the statute of limitations provided by the Tort Immunity Act. The Contribution Act reads, in relevant part:

"(c) The applicable limitations period contained in subsection (a) or (b) shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose ***." 735 ILCS 5/13—204(c) (West 2002).

Illinois Central argues that, in the context of an action for contribution, the plain language of the statute dictates that it explicitly overrides the limitations of the Tort Immunity Act and that, as a result, Illinois Central was required to file its claim for contribution within two years from the time its cause accrued, not just one year. In response, Metra relies on our supreme court's decisions in *Tosado v. Miller*, 188 Ill. 2d 186 (1999), *Ferguson v. McKenzie*, 202 Ill. 2d 304 (2001), and *Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago*, 213 Ill. 2d 1 (2004), which held that the legislative intent of section 8—101 was that the Tort Immunity Act apply broadly

to any possible claim against local government entities and their employees, and that the Tort Immunity Act necessarily controls over other statutes of limitation or repose. *Paszkowski*, 213 Ill. 2d at 12-13. In its reply brief, Illinois Central replies that the rules of statutory construction dictate that the statute of limitations under the Contribution Act controls and that the Tort Immunity Act contemplates only direct civil actions, not claims for contribution.

We are persuaded by the reasoning of this court's recent decision in *Moore v. Chicago Police Department Officer Green*, 355 Ill. App. 3d 81 (2004), issued subsequent to *Paszkowski*, which held that the limitation of actions provision in the Domestic Violence Act (750 ILCS 60/305 (West 2002)), rather than that contained in the Tort Immunity Act, applied to an action brought on behalf of a domestic abuse victim against police officers for failure to investigate an incident that immediately preceded the victim's death. Applying the rules of statutory construction—namely, that courts should ascertain and give effect to the legislature's intent, that statutory language is the best indicator of legislative intent, that more specific provisions should be applied to specific subjects, and that later enactments prevail over earlier ones— and relying on the supreme court's decision in *Calloway v. Kinkelaar*, 168 Ill. 2d 312 (1995), this court concluded that the language of the Domestic Violence Act carved out specific duties and liabilities for law enforcement officials and that its limitation of actions provisions applied in the specific case of a domestic violence victim seeking damages against law enforcement officials. *Moore*, 355 Ill. App. 3d at 92-93.

Moreover, our supreme court has found that the now-defunct notice provision of the Tort Immunity Act did not apply to an action for contribution. *Stephens v. McBride*, 97 Ill. 2d 515, 521 (1983). In that case, the court concluded that public policy militated against requiring a defendant seeking contribution from a local governmental entity to give the statutorily required notice within one year after its cause of action accrued, since a claim for contribution could accrue years after an accident occurred. *Stephens*, 97 Ill. 2d at 522. We believe the same logic applies here.

■ The plain language of the Contribution Act states that, in actions for contribution, its applicable limitations preempts *all* other statutes of limitation or repose. Furthermore, because contribution is a specific type of suit and because a party seeking contribution may not realize that it has a valid claim for contribution until well after the event giving rise to the original action has occurred, we find that the two-year statute of limitations applies in this instance and that Il-

124

linois Central's claim for contribution was therefore timely filed. Accordingly, we reverse the circuit court's order of dismissal.

Certified question answered; reversed and remanded.

REID, P.J., and THEIS, J., concur.