# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Kadlec v. Sumner*, 2013 IL App (1st) 122802

---

| | |
|---|---|
| Appellate Court Caption | JAMES W. KADLEC, as Ex'r of the Estate of Thomas J. Kadlec and as Trustee of the Thomas J. Kadlec Self-Declaration Trust, Dated November 11, 2006, Plaintiff, v. SARA E. SUMNER, Defendant and Third-Party Plaintiff-Appellant (Green Dubin and Company, Marcie Kolberg, and Smith Koelling Dykstra and Ohm, Third-Party Defendants-Appellees). |
| District & No. | First District, Second Division<br>Docket No. 1-12-2802 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | September 24, 2013<br><br>November 5, 2013<br>November 19, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an accounting malpractice action arising from the legal malpractice action plaintiff executor filed against the estate's attorney, the trial court properly dismissed the attorney's third-party complaint for accounting malpractice alleging that two accounting firms failed to file estate tax returns for the estate in a timely manner, since the two-year statute of limitations applicable to the third-party action had expired, and, furthermore, there was no indication the accountants were ever retained to file such returns. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-11042; the Hon. John P. Kirby, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Konicek & Dillon, PC, of Geneva (Daniel F. Konicek and Amir R. Tahmassebi, of counsel), for appellant.

Pretzel & Stouffer, Chtrd. (James J. Sipchen and Matthew F. Tibble, of counsel) and Law Offices of Edward J. Kozel (Edward J. Kozel, of counsel), both of Chicago, for appellees.

Panel

PRESIDING JUSTICE QUINN delivered the judgment of the court, with opinion.

Justices Harris and Simon concurred in the judgment and opinion.

**OPINION**

¶ 1                      I. INTRODUCTION

¶ 2     Plaintiff, James W. Kadlec (plaintiff), an executor of an estate, filed a legal malpractice action against the estate's attorney, Sara E. Sumner (Sumner), alleging the attorney failed to timely file the estate's federal and state estate tax returns which caused damage to the estate. The attorney for the estate then filed a third-party complaint against certain accountants for contribution alleging accounting malpractice. All accountants denied being retained for the purpose of preparing the estate tax returns for the estate. All accountants moved to dismiss the attorney's third-party contribution claim against them on statute of limitations grounds. The circuit court held that the attorney's third-party claim was time-barred by the two-year statute of limitations governing claims for accountant malpractice. 735 ILCS 5/13-214(a) (West 2012). Additionally, the circuit court held that because the plaintiff in the underlying legal malpractice action could not have timely filed an accounting malpractice action directly against these accountants at the time his legal malpractice action was filed against the attorney, the statute of limitations for contribution actions (735 ILCS 5/13-204(c) (West 2012)) did not apply. For the following reasons, we affirm the circuit court ruling.

¶ 3                      II. JURISDICTION

¶ 4     On August 28, 2012, the circuit court dismissed the attorney's third-party complaint against all third-party defendants with prejudice when it granted the third-party defendants' motions to dismiss for the attorney's failure to file any contribution action within the applicable statute of limitations and found no just reason to delay enforcement or an appeal of its dismissal order. The third-party plaintiff filed a timely notice of appeal on September 25, 2012. Therefore, this court has jurisdiction over this appeal pursuant to Supreme Court Rule 304(a) which allows for an appeal from a final judgment that does not dispose of the

entire proceeding when the circuit court makes an express finding that there is no just reason to delay the appeal. Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010).

¶ 5                               III. STANDARD OF REVIEW

¶ 6        The third-party defendants filed section 2-619(a)(5) of the Code of Civil Procedure motions to dismiss and submitted that the attorney's third-party complaint against them "was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2012). The circuit court agreed and dismissed the third-party complaint for failure to timely file such an action. A circuit court's section 2-619 dismissal order is given *de novo* review by this court. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006).

¶ 7                               IV. BACKGROUND

¶ 8        Prior to his death, Thomas J. Kadlec (decedent), retained an attorney, Sumner, to prepare a self-declaration trust which he executed on November 11, 2003. The decedent died on May 16, 2005, without transferring all of his assets into his self-declaration trust. A month after the decedent's death, on June 16, 2005, Sumner filed a court petition to probate the assets that decedent had failed to transfer into his self-declaration trust. On June 30, 2005, decedent's brother, plaintiff, was appointed executor of decedent's estate and also became trustee of decedent's trust.

¶ 9        The plaintiff, now serving as both executor and trustee of decedent's estate and trust, hired decedent's former attorney, Sumner,[1] as the attorney to represent the estate and trust pertaining to administration of both entities.

¶ 10       Both the plaintiff and Sumner knew that the estate tax returns were due to be filed on or before February 15, 2006. As the February date approached, Sumner and plaintiff discussed filing for the one six-month extension of time the IRS allows an estate to complete the estate tax returns and file them with the IRS. Sumner prepared the necessary request for extension to file the estate tax returns until August 16, 2006. Both Sumner and the plaintiff signed the request. Plaintiff also followed Sumner's recommendation and paid an estimated deposit of $450,000 for the estate taxes that were due and owing. The IRS granted the extension and both plaintiff and Sumner knew that the returns were due on August 16, 2006.

¶ 11       The August 16, 2006 due date passed without any estate tax returns filed on behalf of the estate. Sumner never filed the required estate tax returns. Plaintiff then hired new attorneys who filed the estate tax returns on January 28, 2008. On February 15, 2008, plaintiff and Sumner entered into an agreement whereby they mutually agreed to toll the statute of limitations applicable to a legal malpractice action that plaintiff was contemplating against Sumner to September 21, 2009. A little less than a month after the plaintiff and Sumner entered into their tolling agreement, on March 3, 2008, the IRS notified the plaintiff that the

---

[1]Plaintiff had also previously met Sumner when she was retained as the attorney in the estate involving plaintiff's sister. During her representation of his sister's estate, Sumner filed estate tax returns with the Internal Revenue Service (IRS).

estate was assessed penalties and interest in the amount of $191,560.39, for the late estate tax filing with such amount to be paid within 10 days.

¶ 12 Plaintiff filed his legal malpractice complaint against Sumner on September 18, 2009.[2] Sumner was served with a copy of the complaint on October 10, 2009.

¶ 13 Discovery was exchanged by plaintiff and Sumner regarding the legal malpractice action. The plaintiff provided deposition testimony that neither the Green Dubin & Company accounting firm nor the Smith, Koelling, Dykstra, & Ohm accounting firm was involved with or hired to prepare the estate tax returns. Plaintiff's testimony specifically named Sumner and only Sumner as the person hired and responsible for the preparation and filing of the estate tax returns. Sumner also provided deposition testimony that she was aware prior to the filing of the extension of time to file estate tax returns (February 2006) that the Green Dubin & Company accounting firm was not involved in the preparation of the estate tax returns.

¶ 14 On September 19, 2011, Sumner filed an unverified complaint for contribution against both the Green Dubin & Company and the Smith, Koelling, Dykstra & Ohm accounting firms, as well as Marcie Kolberg, an accountant with the Smith firm, alleging accounting malpractice for their involvement in the failure to timely file estate tax returns.

¶ 15 All third-party defendants filed motions to dismiss the contribution claim filed against them because section 13-214.2(a)'s two-year statute of limitations governing accounting malpractice had expired. 735 ILCS 5/13-214.2(a) (West 2012). Additionally, it was argued that Sumner could not avail herself of the two-year statute of limitations provided for in section 13.204(b) and (c) which allows a contribution action to be filed within two years "after [a] party seeking contribution or indemnity has been served with process in the underlying action" (735 ILCS 5/13-204(b) (West 2012)), "but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action" (735 ILCS 5/13-204(c) (West 2012)). The third-party defendants submitted that when plaintiff filed his complaint against Sumner, the statute of limitations for any and all claims plaintiff may have had against the third-party defendants had expired.

¶ 16 The circuit court ruled that plaintiff knew or should have known that the estate tax returns were due by August 16, 2006, and that when he was not presented with those returns to sign or otherwise receive an indication that the returns were being filed, plaintiff knew or should have known that a cause of action accrued against Sumner and any accountants who may have been involved. Therefore, the statute of limitations for accounting malpractice had run on August 16, 2008, which was two years after the estate tax returns were due. When plaintiff filed his action against Sumner on September 18, 2009, pursuant to their tolling agreement, he had no viable cause of action against any accountants because the statute of limitations for bringing such complaints had expired over a year earlier because plaintiff had no tolling agreement with the third-party defendants. Therefore, the circuit court granted the motions to dismiss and made its ruling final and appealable.

---

[2]In her appellate reply brief, Sumner reported to this court that she and the plaintiff have reached a settlement agreement, in principle, regarding the legal malpractice action.

¶ 17     For the reasons that follow, we affirm.


¶ 18                              V. ANALYSIS
¶ 19              A. There Appears to Be No Accountant-Client Relationship
¶ 20     Although this case is presented and argued as a contribution case that was not brought within the applicable statute of limitations, we are troubled by the official record in this case which does not factually support a claim of any kind against the named third-party accounting firms. In addition to the testimony that was presented by both Sumner and the plaintiff during discovery that proceeded long before the third-party defendants were brought into the case, there is also no other factual proof that the accountants sued by Sumner were involved with the preparation of the estate tax returns that are the subject of this lawsuit. After the accountants were served with the third-party complaint, Green Dubin & Company issued a request to admit facts to the plaintiff pursuant to Supreme Court Rule 216. Ill. S. Ct. R. 216 (eff. May 30, 2008). "Admissions pursuant to requests to admit constitute judicial admissions ***." *Ellis v. American Family Mutual Insurance Co.*, 322 Ill. App. 3d 1006, 1010 (2001). In his responses, plaintiff admitted that Green Dubin & Company did not cause any of the damages alleged in the plaintiff's complaint and that the estate did not incur any injury or damage as a consequence of Green Dubin & Company's work or services. Similar testimony was provided in depositions regarding all accounting entities named in Sumner's third-party contribution complaint. Therefore, more basically, we observe that plaintiff not only could not have filed a *timely* complaint against the third-party defendants at the time he filed his complaint against Sumner, but he had no factual basis to ever sue them for accounting malpractice. To go forward on an accounting malpractice contribution claim, Sumner must first establish the existence of an accountant-client relationship that gave rise to a duty of care on the part of the accountant. *Blue Water Partners, Inc. v. Mason*, 2012 IL App (1st) 102165, ¶ 38. The question of whether a duty existed between plaintiff and any of the accounting firms, or Sumner and any of the accounting firms for the benefit of plaintiff, is one of law that the circuit court should have answered in the first instance. *Kopka v. Kamensky & Rubenstein*, 354 Ill. App. 3d 930, 934 (2004); *Washington v. City of Chicago*, 188 Ill. 2d 235, 239 (1999) ("a court must determine whether there is a relationship between the parties requiring that a legal obligation be imposed upon one for the benefit of the other"). If plaintiff had no valid complaint against the accountants at the time he filed his suit against Sumner, then Sumner could not have a valid third-party complaint for contribution against the accountants. Sumner concedes as much in her reply brief. The proceedings below do not discuss the relevant factors for the court's imposition of a duty which include whether any relationship existed between the parties requiring that a legal obligation be imposed upon the accountants for the benefit of the plaintiff. We will evaluate the case as briefed by the parties and ruled on by the circuit court as it disposes of the case.


¶ 21                         B. The Statute of Limitations
¶ 22     Sumner contends that the circuit court improperly dismissed her third-party complaint under section 2-619 of the Code of Civil Procedure (the Code), through an incorrect

application of the statute of limitations to her contribution claim involving accounting malpractice. 735 ILCS 5/2-619 (West 2012). A motion filed pursuant to section 2-619:

" 'admits the legal sufficiency of the complaint and raises defects, defenses or other affirmative matters, such as the untimeliness of the complaint, which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim, thus enabling the court to dismiss the complaint after considering issues of law or easily proved issues of fact.' " *MC Baldwin Financial Co. v. DiMaggio, Rosario & Veraja, LLC*, 364 Ill. App. 3d 6, 22 (2006) (quoting *Lipinski v. Martin J. Kelly Oldsmobile, Inc.*, 325 Ill. App. 3d 1139, 1144 (2001)).

¶ 23    The statute of limitations applicable to Sumner's third-party contribution complaint alleging accounting malpractice is controlled, in part, by section 13-214.2(a) of the Code, which provides, as follows:

"Actions based upon tort, contract or otherwise against any person, partnership or corporation registered pursuant to the Illinois Public Accounting Act, as amended, or any partners, members, officers or shareholders, for an act or omission in the performance of professional services shall be commenced within 2 years from the time the person bringing an action knew or should reasonably have known of such act or omission." 735 ILCS 5/13-214.2(a) (West 2012).

¶ 24    The well-known discovery rule is incorporated into section 13-214.2(a) of the Code, "which delays commencement of the statute of limitations until the plaintiff knows or reasonably should have known of the injury and that it may have been wrongfully caused." *Dancor International, Ltd. v. Friedman, Goldberg & Mintz*, 288 Ill. App. 3d 666, 672 (1997).

¶ 25    This case also concerns whether application of the statute of limitations for contribution actions bars Sumner's third-party contribution action. The statute states that "[i]n instances where the underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action." 735 ILCS 5/13-204(b) (West 2012). Section 13-204(c) of the Code also requires that a second requirement be met in any contribution action, as follows:

"The applicable limitations period contained in subsection (a) or (b) shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statute of limitations or repose, *but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action* ***." (Emphasis added) 735 ILCS 5/13-204(c) (West 2012).

¶ 26    Sumner argues that it was not until March 8, 2008, when the IRS notice was issued to the plaintiff that the estate was being assessed penalties with interest for failure to file the estate tax returns in a timely manner, that the statute of limitations began to run, because that is the date that the plaintiff had actual knowledge of damages relative to the failure to file the estate tax returns. We observe, from the onset of our analysis, that neither plaintiff nor Sumner utilized this statute of limitations date when they entered into their tolling agreement regarding the statute of limitations for legal malpractice against Sumner, nor could they have

as the IRS notice had not yet been received by plaintiff. Therefore, Sumner's insistence that March 8, 2008 is the trigger date for the statute of limitation appears disingenuous. Sumner never explains how or why a different statute of limitations date should apply to the accountants in Sumner's contribution action arising out of the same untimely filing than the statute of limitations plaintiff and Sumner contemplated in their tolling agreement. A contribution action can proceed only if the plaintiff could have timely proceeded against the third-party defendants directly when plaintiff filed his underlying complaint. *Board of Managers of Wespark Condominium Ass'n v. Neumann Homes, Inc.*, 388 Ill. App. 3d 129, 132-33 (2009).

¶ 27    Furthermore, the law is not that " 'plaintiffs must know the full extent of their injuries before the statute of limitations is triggered. Rather, [we] adhere to the general rule that the limitations period commences when the plaintiff is injured, rather than when the plaintiff realizes *** the full extent of [the] injuries.' " *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 22 (quoting *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 364 (1995)).

¶ 28    In *Federated Industries, Inc. v. Reisin*, 402 Ill. App. 3d 23 (2010), this court adopted the rule that "the statute of limitations in an accountant malpractice case involving increased tax liabilities begins to run when the taxpayer receives the statutory notice of deficiency *** or at the time when the taxpayer agrees with the IRS' proposed deficiency assessments." *Federated Industries, Inc. v. Reisin*, 402 Ill. App. 3d 23, 36 (2010). Sumner cites *Federated Industries* in her reply brief as support for her argument that the statute of limitations would not start to run until the IRS discovers that the estate tax return was not filed in a timely manner and issues a notice of penalties and interest due, as a result. However, the *Federated Industries* and *Kahn* rulings, *supra*, dealt with a tax deficiency due to an accountant's negligence. The factual scenario in both cases involved allegedly negligent conduct in the preparation of tax returns that was discovered by the IRS when it reviewed the faulty returns and then issued a deficiency notice. However, in the instant case, damages, *i.e.*, penalties, began to accrue for the estate immediately upon the failure to timely file the estate tax return. In establishing a starting date for the statute of limitations to begin to run in this case, the pertinent issue is determining when the negligent conduct for failing to file a timely estate tax return was sufficiently discoverable such that the plaintiff had a " 'reasonable belief that the injury was caused by wrongful conduct, thereby creating an obligation to inquire further on that issue.' " *SK Partners I, LP v. Metro Consultants, Inc.*, 408 Ill. App. 3d 127, 132 (2011) (quoting *Dancor International, Ltd. v. Friedman, Goldberg & Mintz*, 288 Ill. App. 3d 666, 673 (1997)).

¶ 29    In other words, the instant case is distinguishable because it does not involve a tax deficiency embedded in a negligently prepared tax return and first discovered by the IRS, but rather a failure to timely file an estate tax return that had a clearly defined final due date of August 16, 2006. As the trial court found, that date could and should have easily been noticed by both the plaintiff and the estate's attorney, Sumner, both of whom signed the one-time extension to file the estate tax returns with the IRS. At the point when the estate tax form was untimely, the alleged negligence caused harm to the estate, as penalties began accruing along with interest. Logically, under the scenario presented in this case, actual damages occurred the moment the estate tax form was late. Damages only increased for the

estate, the longer the estate tax form remained unfiled. Our holding in this case is consistent with the supreme court's holding in *Khan v. Deutsche Bank AG*, 2012 IL 112219, which held that the statute of limitations for plaintiff's cause of action begins to run when the plaintiff has a reasonable belief that he has been injured and is not tolled until the IRS sends plaintiff notice of the full extent of his injuries. *Id.* ¶ 45. Therefore, Sumner's argument that damages were not incurred until the plaintiff received a formal notice from the IRS calculating the precise amount of penalties is misguided.

¶ 30    By the time of the filing of the sole extension of time to file the estate tax returns, both plaintiff and Sumner, acting as attorney for the estate, the two signatories on the extension of time, had constructive knowledge that the estate tax returns had a drop-dead due date of August 16, 2006. The motion for extension outlined the new due date and gave the parties a final additional six months to prepare and file the estate tax returns. Once plaintiff was not presented with an estate tax return to sign on behalf of the estate by August 16, 2006, he clearly acquired the knowledge that something was amiss and had an obligation to inquire further, starting the clock on the applicable statute of limitations. The established standard for evaluating plaintiff's knowledge is measured by: (1) a reasonable belief and (2) "the obligation to inquire." *Dancor International, Ltd. v. Friedman, Goldberg & Mintz*, 288 Ill. App. 3d 666, 673 (1997). "[I]t is well-settled that 'notice to an attorney is notice to the client and knowledge of an attorney is knowledge of, or imputed to, the client, notwithstanding whether the attorney has actually communicated such knowledge to the client.' " *Williams v. Dorsey*, 273 Ill. App. 3d 893, 898 (1995) (quoting *Eckel v. Bynum*, 240 Ill. App. 3d 867, 875 (1992)). In the case before us, we can do more than "impute" knowledge of the final due date for filing the estate tax returns to plaintiff. We have factual evidence that he signed the request for an extension of time which spelled out the final due date of August 16, 2006, and plaintiff admitted that he was told by his attorney, Sumner, of the final due date.

¶ 31    Clearly, plaintiff must be charged with a reasonable belief of an untimely estate tax filing when the untimely estate tax return was signed and filed by the plaintiff on January 28, 2008, utilizing newly hired attorneys for the estate. This is proof that plaintiff had knowledge that estate tax returns were not actually filed and he took no actions to get them on file.

¶ 32    The two-year statute of limitations for contribution actions expired by the time of Sumner's third-party complaint which was filed on September 16, 2011, more than five years after the August 16, 2006, due date for the filing of the estate tax forms. Accordingly, we find that the circuit court properly dismissed Sumner's third-party contribution complaint in its entirety.

¶ 33    Lastly, Sumner contends that the circuit court erred in granting the third-party defendants' motions to dismiss because whether a party has sufficient knowledge to trigger the running of the statute of limitations is a question of fact. As established, *supra*, a motion to dismiss under section 2-619 enables the circuit court to dismiss any complaint after considering issues of law and easily proved issues of fact. *MC Baldwin Financial Co. v. DiMaggio, Rosario & Veraja, LLC*, 364 Ill. App. 3d 6, 22 (2006). The circuit court may consider pleadings, depositions and affidavits when ruling on such a motion. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 262 (2004).

¶ 34    In the instant case, the record contains the date of the estate's motion for extension of time to file estate tax returns with the IRS, the date the estate tax returns were due following plaintiff and Sumner's extension and the date of the untimely filing of the estate tax return, the date of the tolling agreement between plaintiff and Sumner, as well as many other facts that are not in dispute. Furthermore, as stated previously, there appears to be no factual basis for plaintiff to have ever filed a complaint against the third-party defendants, timely or otherwise. Accordingly, we find that the circuit court did not err in dismissing the third-party complaint in its entirety.

¶ 35                                              VI. CONCLUSION

¶ 36    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 37    Affirmed.