# Illinois Official Reports

## Appellate Court

---

**Danzig v. University of Chicago Charter School Corp.,**
**2019 IL App (1st) 182187**

---

| | |
|---|---|
| Appellate Court Caption | SUSAN DANZIG, Plaintiff, v. THE UNIVERSITY OF CHICAGO CHARTER SCHOOL CORPORATION, PROFESSIONAL THEATER AND DANCE YOUTH ACADEMY, KIERAN PALMER-KLEIN, and MICHAEL JONES, Defendants (Professional Theater and Dance Youth Academy, Defendant and Counterplaintiff-Appellant; The University of Chicago Charter School Corporation, Defendant and Counterdefendant-Appellee).–KARLA DAVIS, Plaintiff, v. THE UNIVERSITY OF CHICAGO CHARTER SCHOOL CORPORATION, PROFESSIONAL THEATER AND DANCE YOUTH ACADEMY, KIERAN PALMER-KLEIN, and MICHAEL JONES, Defendants (Professional Theater and Dance Youth Academy, Defendant and Counterplaintiff-Appellant; The University of Chicago Charter School Corporation, Defendant and Counterdefendant-Appellee). |
| District & No. | First District, Third Division<br>No. 1-18-2187 |
| Filed | August 14, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 18-L-3248, 18-L-3249; the Hon. Kathy M. Flanagan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

John Grossbart, Cicely Miltich, and Eitan Kagedan, of Dentons US LLP, of Chicago, for appellant.

Stephen P. Ellenbecker and Garrett L. Boehm Jr., of Johnson & Bell, Ltd., of Chicago, for appellee.

Panel

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.
Justices Ellis and Cobbs concurred in the judgment and opinion.

## OPINION

¶ 1 This cause of action arises from two identical complaints (for negligence and willful and wanton misconduct) filed by the plaintiffs Susan Danzig and Karla Davis, against numerous defendants, including the counterdefendant-appellee, the University of Chicago Charter School Corporation (the charter school) and the counterplaintiff-appellant, the Professional Theater and Dance Youth Academy (the dance academy), seeking damages for injuries sustained when a bench on which they were seated to watch a school play broke. The charter school moved to dismiss the plaintiffs' claims on the basis of the one-year statute of limitations contained in the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101 (West 2016)). While the charter school's motion to dismiss was pending, the dance academy filed a counterclaim for contribution against the charter school as its joint tortfeasor, pursuant to the Joint Tortfeasor Contribution Act (740 ILCS 100/1 *et seq.* (West 2016)). The charter school moved to dismiss the dance academy's counterclaim contending that it was time-barred pursuant to section 13-204(c) of the Code of Civil Procedure (Code) (735 ILCS 5/13-204(c) (West 2016)) as a result of the plaintiffs' delay in bringing their own claims against the charter school. The circuit court granted the charter school's motion to dismiss the plaintiffs' complaints, in doing so dismissing all claims against the charter school as untimely. The dance academy sought clarification of whether this dismissal included the dismissal of its counterclaim against the charter school. The court clarified that it did. The dance academy now appeals, contending that the trial court erred when it found that the delay in the plaintiffs' filing of their original complaints against the charter school barred it from seeking contribution from the charter school only three months after the charter school was served with the underlying complaints. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 2                          BACKGROUND
¶ 3 At the outset, we note that the record before us does not contain any report of the proceedings below or any acceptable substitute, such as a bystanders report or an agreed statement of facts, as authorized under Illinois Supreme Court Rule 323 (eff. July 1, 2017). Consequently, the following undisputed facts and procedural history are gleaned solely from the common law record.

¶ 4        The counterplaintiff, the dance academy, is a 501(c) nonprofit corporation organized and licensed to do business in the state of Illinois. Its executive director is Michael Jones. The counterdefendant, the charter school, is a corporation certified to do business in the state of Illinois under the Illinois State Board of Education. The parties do not dispute that the charter school is a local public entity for purposes of the Tort Immunity Act (745 ILCS 10/1-206 (West 2016)). It is further undisputed that since about 2010, pursuant to a succession of oral agreements, the charter school engaged the dance academy to provide professional theater and dance instruction to middle- and high-school students at two of the charter school's campuses.

¶ 5        On February 24, 2017, the plaintiffs attended a student play at the charter school's Woodlawn campus. During this performance, the plaintiffs sat on a bench after being instructed to do so by a charter school employee, Kieran Palmer-Klein. The bench collapsed, and the plaintiffs sustained injuries.

¶ 6        As a result of this incident, on March 30, 2018, the plaintiffs filed identical one-count negligence lawsuits against the charter school and the dance academy. On April 12, 2018, the plaintiffs filed amended complaints, adding Palmer-Klein and Jones as defendants and additionally alleging willful and wanton misconduct on the part of all the defendants.

¶ 7        On May 24, 2018, the charter school and Palmer-Klein filed section 2-619 motions to dismiss the plaintiffs' amended complaints (735 ILCS 5/2-619 (West 2016)), *inter alia*, contending that the complaints were barred by the statute of limitations set forth in the Tort Immunity Act (745 ILCS 10/8-101(a) (West 2016)), which requires claims against local public entities to be brought within one year of the alleged injury. The plaintiffs filed their response on June 28, 2018, and the charter school and Palmer-Klein replied on July 12, 2018.

¶ 8        On June 28, 2018, the dance academy and Jones filed their own joint motion to dismiss the plaintiffs' amended complaints pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)), alleging that the plaintiffs had failed to state causes of action for both negligence and willful and wanton misconduct. The dance academy solely sought the dismissal of count II (willful and wanton misconduct), while Jones sought the dismissal of both the negligence and willful and wanton counts. The plaintiffs did not respond to this motion to dismiss.

¶ 9        On June 28, 2018, the dance academy also filed its answer to the plaintiffs' amended complaints and counterclaims for contribution against the charter school.

¶ 10       On July 20, 2018, the dance academy filed an unopposed motion to consolidate the plaintiffs' two cases. That motion was granted on August 1, 2018.

¶ 11       On August 6, 2018, the charter school filed a motion to dismiss the dance academy's consolidated counterclaim, arguing that pursuant to section 13-204(c) of the Code (*id.* § 13-204(c)) the counterclaim was time-barred because the plaintiffs' actions against it were untimely under the Tort Immunity Act (745 ILCS 10/8-101 (West 2016)).

¶ 12       On August 17, 2018, the trial court entered an order striking the charter school's motion to dismiss the counterclaim from the call. On August 20, 2018, the charter school renoticed its motion to dismiss the counterclaim for presentment on September 12, 2018. Because we are without any report of the proceedings below, we do not know whether that motion was actually presented on that date.

¶ 13       Instead, the common law record reveals that on September 12, 2018, the trial court entered an order deciding the defendants' motions to dismiss the plaintiffs' consolidated amended complaint. The court granted the charter school and Palmer Klein's section 2-619(a)(5) motion

- 3 -

to dismiss (735 ILCS 5/2-619(a)(5) (West 2016)) with prejudice on the basis that the plaintiffs' actions were commenced outside of the one-year statute of limitations for local public entities as articulated in the Tort Immunity Act (745 ILCS 10/8-101 (West 2016)). The court further granted the dance academy and Jones's section 2-615 motion to dismiss (735 ILCS 5/2-615 (West 2016)) on the basis that the plaintiffs had failed to state both causes of action for negligence and willful and wanton misconduct. This motion, however, was granted without prejudice, and the plaintiffs were granted leave to file a second amended complaint against the dance academy and Jones. The trial court further held that its findings with respect to the charter school and Palmer-Klein were final pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) so that there was no just reason to delay enforcement or appeal of that part of its order. The court, however, noted that the case "continue[d] as to the remaining defendants."

¶ 14 On September 14, 2018, the dance academy filed a motion to clarify the charter school's continuing status as a counterdefendant in the contribution claim. In its motion, the dance academy pointed out that it had a pending contribution claim against the charter school, which had not been referenced in the trial court's prior ruling dismissing the charter school from the action. The dance academy therefore sought clarification that its counterclaim remained pending and that the charter school remained a counterdefendant.

¶ 15 On October 11, 2018, the trial court denied the dance academy's motion to clarify. In doing so, the court pointed out that, in its prior order, it had dismissed the charter school with prejudice because the plaintiffs' original complaints against the charter school were filed after the expiration of the applicable one-year limitations period as required under the Tort Immunity Act (745 ILCS 10/8-101 (West 2016)). The court held that "[w]ith the dismissal with prejudice of th[is] defendant[ ], the counterclaims against [it] were extinguished by operation of law." Consequently, the court held that the charter school was no longer a party to the instant action and there were no longer any claims or counterclaims pending against it. As the court stated, "to the extent that the motion for clarification seeks to place [the charter school] back in the case or to revive any extinguished claims, the motion must be denied." The dance academy now appeals.

¶ 16 ANALYSIS

¶ 17 Before addressing the merits of the dance academy's appeal, we must first consider the charter school's argument that the dance academy failed to preserve any arguments in opposition to the dismissal of its contribution claim and thereby forfeited any basis to contest the resulting dismissal of that claim "by operation of law" in this appeal. In this respect, the charter school points out that after it filed its motion to dismiss the dance academy's counterclaim on August 6, 2018, the dance academy took no steps whatsoever to respond or object to that motion until after the trial court entered its September 12, 2018, order dismissing the charter school from the plaintiffs' action. It appears to be the charter school's argument that it was the dance academy's burden to object to the charter school's motion to dismiss the counterclaim before September 12, 2018, and that the dance academy's failure to do so now precludes it from challenging the dismissal of that counterclaim on appeal. We strongly disagree.

¶ 18 First, the charter school cannot blame the dance academy for not responding to its motion to dismiss the dance academy's counterclaim when that motion was never presented to the trial

court prior to September 12, 2018. Rule 2.3 of the circuit court of Cook County provides that the burden of calling for hearing any motion previously filed is on the party making the motion. Cook County Cir. Ct. R. 2.3 (July 1, 1976). Where the charter school's motion to dismiss was originally filed on August 6, 2018, but stricken from the docket on August 17, 2018, and then renoticed for presentment before the trial court on September 12, 2018, there was no burden whatsoever on the dance academy to attempt to answer that motion prior to September 12, 2018. Nor, contrary to the charter school's position, did the dance academy fail to raise its opposition to this motion before the trial court. Two days after the trial court entered its September 12, 2018, order dismissing the charter school from the plaintiffs' cause of action, the dance academy filed its motion to clarify that order, seeking that the court explain whether the dismissal of the charter school from the plaintiff's cause of action meant that the dance academy's counterclaim had also been dismissed. In doing so, the dance academy explicitly responded to the arguments raised in the charter school's motion to dismiss the counterclaim and argued that the counterclaim was not time-barred by virtue of the plaintiffs' failure to file the original complaints within the Tort Immunity Act's one-year statute of limitations (745 ILCS 10/8-101 (West 2016)). These are the same arguments that the dance academy is now raising on appeal. Accordingly, contrary to the charter school's position, we do not find that the dance academy has, in any way, forfeited this issue for review.

¶ 19 Turning to the merits, we observe that the sole issue on appeal is whether the trial court properly dismissed the dance academy's counterclaim for contribution against the charter school on the basis that it was time-barred. A motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2016)) admits the legal sufficiency of the complaint (*i.e.*, all facts well pleaded) but asserts certain defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim. See *Brummel v. Grossman*, 2018 IL App (1st) 162540, ¶ 22; *Wallace v. Smyth*, 203 Ill. 2d 441, 447 (2002). Subsection (a)(5) of section 2-619 allows dismissal when "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2016). We review the trial court's grant of a motion to dismiss pursuant to section 2-619(a)(5), as barred by an applicable statute of limitations, *de novo*. *Brummel*, 2018 IL App (1st) 162540, ¶ 24; see also *FirstMerit Bank, N.A. v. Soltys*, 2015 IL App (1st) 140100, ¶ 13.

¶ 20 On appeal, the dance academy first argues that dismissal of its counterclaim as untimely was improper pursuant to section 13-204(b) of the Code (735 ILCS 5/13-204(b) (West 2016)) because that counterclaim was filed within two years of the date when the dance academy was served with process in the underlying tort action. For the reasons that follow, we disagree.

¶ 21 Section 13-204 of the Code provides in pertinent part as follows:

"Contribution and indemnity.

\*\*\*

(b) In instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.

(c) The applicable limitations period contained in subsection \*\*\* (b) *shall apply to all actions for contribution* or indemnity and shall preempt, as to contribution and

- 5 -

indemnity actions only, all other statutes of limitation or repose, *but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action \*\*\**." (Emphases added.) *Id.* § 13-204.

¶ 22 Our appellate court has repeatedly interpreted section 13-204 to permit the filing of a contribution claim within two years of the accrual of the action but only to the extent that the plaintiffs could have timely proceeded against the contribution claim defendant directly when plaintiffs filed their underlying complaint. *Kadlec v. Sumner*, 2013 IL App (1st) 122802, ¶ 26; see also *Board of Managers of Wespark Condominium Ass'n v. Neumann Homes, Inc.*, 388 Ill. App. 3d 129, 133 (2009) ("defendant cannot file a timely action for contribution \*\*\* under section 13-204 unless the plaintiff in the underlying action could have, at the time it sued the defendant, filed a timely action against the parties from whom the defendant seeks contribution").

¶ 23 This interpretation is consistent with our supreme court's *dictum* in *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 474 (2008). In that case, our supreme court first held that section 13-204 of the Code did not apply to the indemnification lawsuit at issue in that case because the lawsuit was based on a written contract rather than an underlying tort claim. See *id.* at 476 ("[S]ection 13-204 is applicable to claims for implied indemnity involving allocation of damages in connection with an underlying tort claim for injury to person or property \*\*\*. Section 13-204 is not applicable to claims for express indemnification based on a written contract."). The court, however, additionally held that, regardless, section 13-204(c) would operate to bar the indemnity claim, because the plaintiff in the underlying action could not have sued the third-party defendant directly. See *id.* at 474 ("Because the claimants in the underlying action \*\*\* could not have sued the [alleged indemnitors] directly, as required by section 13-204(c), section 13-204(b) would therefore not apply."). In coming to this conclusion, our supreme court made clear that the relevant analysis in determining the application of section 13-204 was the relationship between the original plaintiff and the party from whom the defendant sought contribution/indemnification. *Id.*

¶ 24 Contrary to the dance academy's position, this interpretation directly tracks the plain language of section 13-204(c), which states that the limitations period

"*shall apply to all action for contribution \*\*\** and shall preempt, as to contribution \*\*\* only, all other statutes of limitations or repose, *but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution \*\*\* is sought at the time such claimant filed the underlying action*." (Emphases added.) 735 ILCS 5/13-204(c) (West 2016).

¶ 25 Applying the aforementioned rationale to the present case, it is apparent that the dance academy could not timely proceed against the charter school, not because it failed to file its claim within the two-year statute of limitations for counterclaims articulated in section 13-204(b), but because under section 13-204(c), the original plaintiffs (Danzig and Davis) could not, and in fact did not, timely file their tort claims against the charter school (the party from whom the dance academy later sought contribution). See *Kadlec*, 2013 IL App (1st) 122802, ¶ 26; *Wespark Condominium Ass'n*, 388 Ill. App. 3d at 133.

¶ 26 The dance academy's reliance on *Highland v. Bracken*, 202 Ill. App. 3d 625, 627-28 (1990), to the contrary is misplaced. When *Highland* was decided, a prior version of section 13-204 was in place and provided only:

" 'No action for contribution among joint tortfeasors shall be commenced with respect to any payment made in excess of a party's *pro rata* share more than 2 years after the party seeking contribution has made such payment towards discharge of his or her liability.' " *Id.* at 628 (quoting Ill. Rev. Stat. 1987, ch. 110, ¶ 13-204).

Since *Highland* did not construe the current language of section 13-204(c), its reasoning is inapplicable to the case at bar.

¶ 27　　The dance academy next asserts that its contribution claim should not be subject to the filing limitations of section 13-204 of the Code (735 ILCS 5/13-204(c) (West 2016)) but, rather, to the one-year statute of limitations in the Tort Immunity Act (745 ILCS 10/8-101 (West 2016)). The dance academy asserts that because it filed its contribution counterclaim against the charter school within one year of when the plaintiffs' served it with their tort complaints, the contribution claim was timely and it should have been permitted to proceed with its counterclaim. For the reasons that follow, we disagree.

¶ 28　　The appellate court has previously held that section 13-204(c) of the Code (735 ILCS 5/13-204(c) (West 2016)) operates to override the one-year limitations period of the Tort Immunity Act (745 ILCS 10/8-101 (West 2016)). See *Brooks v. Illinois Central R.R. Co.*, 364 Ill. App. 3d 120, 123 (2005). In *Brooks*, the plaintiff filed a negligence and premises liability action against Illinois Central Railroad Company and Metra. *Id.* at 121. Over a year later, Illinois Central Railroad Company filed a counterclaim for contribution against Metra, and Metra, as a local public entity, responded with a motion to dismiss, claiming that the counterclaim was filed beyond the one-year statute of limitations of the Tort Immunity Act. *Id.* (citing 745 ILCS 10/8-101 (West 2002)). The circuit court agreed with Metra and granted its motion to dismiss. *Id.* at 122.

¶ 29　　On appeal, we reversed, holding that section 13-204(c) of the Code explicitly trumps the Tort Immunity Act. *Id.* at 123. Looking to the statute's legislative intent, we explained that "[t]he plain language of [section 13-204] states that, in actions for contribution, its applicable limitations preempts all other statutes of limitation or repose." (Emphasis omitted.) *Id.*

¶ 30　　Consequently, under the holding in *Brooks*, we find that the dance academy cannot rely on the Tort Immunity Act to revive its contribution claim.

¶ 31　　In coming to this decision, we have considered *Ponto v. Levan*, 2012 IL App (2d) 110355, ¶ 27, and *Adukia v. Finney*, 315 Ill. App. 3d 766, 769 (2000), cited by the dance academy and find them inapposite. Contrary to the dance academy's position, neither of these decisions in any way addressed the applicability of section 13-204(c) in the context of contribution claims. See *Ponto*, 2012 IL App (2d) 110355; *Adukia*, 315 Ill. App. 3d 766. Nor could they, since in both decisions the plaintiffs to the underlying actions sued the defendants in a timely manner so that the requirements of section 13-204(c) (735 ILCS 5/13-204(c) (West 2016)) were satisfied and, therefore, would have permitted the filing of the third-party contribution complaints within the two-year time limitations period articulated in section 13-204(b) of the Code (*id.* § 13-204(b)). See *Ponto*, 2012 IL App (2d) 110355, ¶ 27; *Adukia*, 315 Ill. App. 3d at 768-69.

¶ 32　　Accordingly, for all of the aforementioned reasons, we find that the trial court properly concluded that the delay in the plaintiffs' filing of their original complaints against the charter school also barred the dance academy from later seeking contribution from the charter school.

## CONCLUSION

We therefore conclude that dismissal of the counterclaim was proper.

Affirmed.